# Wytheville.

EDWIN J. SMITH v. TOWN OF VIRGINIA BEACH.

June 18, 1931.

Present, Prentis, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*James G. Martin,* for the plaintiff in error.

*W. R. Ashburn,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, who is the Commonwealth's attorney of Princess Anne county, proceeded by notice of motion against the town of Virginia Beach, to recover $1,675.00, which had been collected by the town as fees for the Commonwealth's attorney in prohibition cases. The trial court held that he was not entitled to recover.

The facts are brief and are not in dispute. The town of Virginia Beach adopted (as it had the right to do) the State prohibition law. A number of prohibition cases were tried before the judge of the police court and that court entered judgments in those cases, imposing the penalties for the violations, including fines and taxing costs against the violators. They did not appeal their cases, but paid their fines and costs, which in turn were transferred to the treasurer of the town. In each one of the cases in question a fee of $25.00 was taxed against the defendant as an item of costs in favor of the Commonwealth's attorney, and paid. Those fees aggregate the amount sued for, and it is being held by the town. The Commonwealth's attorney did not appear at the trial of any of the cases involved and admitted that he rendered no service in connection with them.

The sole assignment of error is that the judgment of the trial court is contrary to the law and the evidence.

The assignment raises a pure question of law, and the decision must turn on the construction of the statute regulating fees of a Commonwealth's attorney in a prohibition case.

Section 4675 (37) provides that cities and towns may adopt the prohibition law of the State, or such portions of it as are applicable. It further provides that "upon final conviction under any of such ordinances, the same fees for *services rendered* by any of said officers shall be taxed against the defendant, as would be taxed upon final conviction in a prosecution had by the Commonwealth for a similar violation of the prohibition laws of the State * * *." The manifest intention of the General Assembly in enacting the portion of the statute quoted was that officers charged with the duty of enforcing the law, including the Commonwealth's attorneys, should be paid a fee for *services rendered,* to be collected by taxing it as costs against the defendant. It certainly could not be said that the statute permitted the taxing of a fee for the Commonwealth's attorney in any case where he rendered no service.

Code, section 4675 (47), illustrates the intent of the General Assembly that officers were only to receive fees for *services rendered* when it provides: "For official *services rendered* in connection with the violation of this act, all said officers * * * shall be entitled to and shall be paid the same fees * * *."

Inasmuch as the plaintiff in error, as Commonwealth's attorney, rendered no services in connection with the cases in which his fees were taxed as an item of cost against the various defendants, our conclusion is that he is entitled to no compensation or fees in those cases.

The contention made by the plaintiff in error that the police justice adjudicated the propriety of the fees in each case and taxed the costs, including a $25.00 fee for the Commonwealth's attorney as a part of the judgment, and that the matter is *res adjudicata* and cannot now be questioned, is not sound. The police justice had only such power to tax as costs such fees as were prescribed by the statute and those fees are

the same as those prescribed by the ordinance. The justice had the power to tax no other fees. He had the power to tax a fee for the Commonwealth's attorney on only one condition, and that was that that official *render service* in the case. The mere fact that the justice wrongfully taxed and collected more costs from the defendants than they should have paid, under an erroneous idea that the Commonwealth's attorney was entitled to a fee, does not conclusively establish the fact that he was entitled to such fee. He must prove that he rendered the services required by the statute, before he is entitled to his fee.

The judgment of the trial court is affirmed.

*Affirmed.*